IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2005 JUN -1  P 3: 46

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| JO SPAINHOWARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number 1:05cv517 |
| | * | |
| GREEN TREE FINANCE, LLC., | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

**MOTION OF GREEN TREE SERVICING LLC
TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

**COMES NOW** Green Tree Servicing LLC ("Green Tree"), incorrectly identified as Green Tree Finance LLC, and hereby moves this Court to issue an order compelling the Plaintiff to arbitrate her claims against Green Tree and to stay further proceedings in this case pending resolution of the arbitration. As grounds for this motion, Green Tree submits the Affidavit of Earl Baker attached hereto as **Exhibit A** and avers as follows:

1.   On or about November 16, 1998, Plaintiff Jo Spainhoward, and Ronald Spainhoward, purchased a manufactured home from Enterprise Manufactured Homes. In connection with the purchase of the home, Plaintiff Spainhoward obtained financing through a Manufactured Home Retail Installment Contract and Security Agreement ("Installment Contract") that was assigned to Green Tree Financial Servicing Corp.(n/k/a Green Tree Servicing LLC). The Installment Contract, a copy of which is attached as **Exhibit 1** to the

1

Affidavit of Earl Baker, memorializes the transaction.

2.   The Installment Contract contained the following provision requiring arbitration of all disputes, claims or controversies arising from or relating to the contract or the parties thereto:

> "14.   ARBITRATION: ALL DISPUTES, CLAIMS OR CONTROVERSIES ARISING FROM OR RELATING TO THIS CONTRACT OR THE PARTIES THERETO SHALL BE RESOLVED BY BINDING ARBITRATION BY ONE ARBITRATOR SELECTED BY YOU WITH MY CONSENT. . . . THE PARTIES AGREE AND UNDERSTAND THAT ALL DISPUTES ARISING UNDER CASE LAW, STATUTORY LAW AND ALL OTHER LAWS INCLUDING, BUT NOT LIMITED TO, ALL CONTRACT, TORT AND PROPERTY DISPUTES WILL BE SUBJECT TO BINDING ARBITRATION IN ACCORD WITH THIS CONTRACT. . . ."

3.   The Federal Arbitration Act, 9 U.S.C. § 1, et seq., (hereinafter "FAA") provides that a "written provision in . . . a contract evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or . . . an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2. The United States Supreme Court has ruled in several cases arising in Alabama that a contract that contains an arbitration provision and that evidences a transaction involving or affecting interstate commerce is specifically enforceable under the FAA. *See Citizen's Bank v. Alafabco,* 123 S.Ct. 2037 (2003); *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79 (2000); *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995). In determining whether to order arbitration, any doubts concerning the scope of arbitrable issues should be

2

resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).

    4.    As affirmatively appears from the affidavit testimony of Earl Baker, the Installment Contract and the transactions in issue in this case "affect" interstate commerce thus triggering the FAA. *See Conseco Finance Corp. v. Murphy*, 841 So. 2d 1241 (Ala. 2002); *Conseco Finance Corp.-Alabama v. Boone*, 838 So. 2d 370 (Ala. 2002); *Green Tree Financial Corp. v. Channell*, 825 So. 2d 90 (Ala. 2002); *Green Tree Financial Corp. v. Lewis*, 813 So. 2d 820 (Ala. 2001). Moreover, the affidavit testimony of Earl Baker and the Complaint show that the case involves allegations of the use of the instrumentalities of interstate commerce. *See Selma Medical Center., d/b/a Columbia Four Rivers Medical Center v. Fontenot*, 824 So. 2d 668 (Ala. 2001). Finally, Plaintiff Spainhoward specifically agreed that the Federal Arbitration Act would apply. *See Volt Information Sciences, Inc. v. Board of Trustees*, 489 U.S. 468 (1989); *Roberson v. Money Tree of Alabama, Inc.*, 954 F.Supp. 1519 (Ala. 1997).

    5.    The Green Tree/Conseco arbitration provision has been construed, upheld and enforced in at least seventeen decisions. *See, e.g., Blinco v. Green Tree Servicing LLC*, 2005 U.S. App. LEXIS 3270 (11th Cir. Feb. 24, 2005); *Conseco Finance Corp.-Alabama v. Salter*, 846 So. 2d 1077 (Ala. 2002); *Conseco Finance Corp. v. Murphy*, 841 So. 2d 1241 (Ala. 2002); *Lewis v. Conseco Finance Corp.*, 848 So. 2d 920 (Ala. 2000); *Conseco Finance*

*Corp.-Alabama v. Boone,* 838 So. 2d 370 (Ala. 2002); *Green Tree Financial Corp. v. Channell,* 825 So. 2d 90 (Ala. 2002); *Green Tree Financial Corp. v. Lewis*, 813 So. 2d 820 (Ala. 2001); *Green Tree Financial Corp. v. Shoemaker,* 775 So. 2d 149 (Ala. 2000); *Ex parte Stamey,* 776 So. 2d 85 (Ala. 2000); *Green Tree Financial Corp. of Ala. v. Vintson,* 753 So. 2d 497 (Ala. 1999); *Green Tree Financial Corp. of Ala. v. Wampler,* 749 So. 2d 409 (Ala. 1999); *Ex parte Smith*, 736 So. 2d 604 (Ala. 1999); *Patrick Home Center, Inc. v. Karr,* 730 So. 2d 1171 (Ala. 1999); *Ex parte Parker*, 730 So. 2d 168 (Ala. 1999); *Green Tree Financial Corp. v. Davis*, 729 So. 2d 329 (Ala. 1999); *Ex parte Napier*, 723 So. 2d 49 (Ala. 1998); *Green Tree Agency, Inc. v. White*, 719 So. 2d 1179 (Ala. 1998); and *Ex parte Gates*, 675 So. 2d 371 (Ala. 1996). Furthermore, the United States Supreme Court recently enforced the Green Tree/Conseco arbitration provision in the face of a challenge that the provision should be struck down because the consumer may be saddled with large arbitration costs and expenses. *See Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79 (2000).

6. Pursuant to 9 U.S.C. § 3, this Court should stay all proceedings, including discovery, in the case pending the conclusion of the arbitration. *See, e.g., Mitchell Nissan, Inc. v. Foster,* 775 So. 2d 138 (Ala. 2000) ("[t]rial courts are required to stay or dismiss proceedings and to compel arbitration when the parties have entered into a valid contract containing an arbitration agreement."); *Green Tree Financial Corp. of Ala. v. Vintson,* 753 So. 2d 497 (Ala. 1999); *Coastal Ford, Inc. v. Kidder,* 694 So. 2d 1285, 1288 (Ala. 1997).

WHEREFORE, Green Tree Servicing LLC respectfully moves the Court for the

4

issuance of an order compelling the Plaintiff to arbitrate her claims against this Defendant. Green Tree further requests that the Court issue an order staying all discovery and other proceedings pending the conclusion of the arbitration.

    Respectfully submitted this the 1st day of June, 2005.

/s/ R. Austin Huffaker, Jr.
_____
R. AUSTIN HUFFAKER, JR. (ASB-3422-F55R)
Attorney for Defendant

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON &
  &amp; GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101
(334) 206-3100 Telephone
E-mail: RAH2@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

William J. Moore, Esq.
P.O. Box 310985
Enterprise, AL 36331

by placing a true copy of same in the United States mail, postage prepaid, this the 1st day of June, 2005.

_____
Of Counsel