OT-10-01-101 (4/95) MH-A/C
ALABAMA

**MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT (CONV. - FHA - VA) (SI)**

SPAINHOWARD, JO E.    Date 11/16/98    DISBURSEMENT DATE: 11/18/98
BUYER: SPAINHOWARD, RONALD G., RT 3 BOX 125-2, ELBA, AL 36323    ACCOUNT # 75910029

SELLER: FURNITURE UNLIMITED, INC., ENTERPRISE MANUFACTURED HOMES, 2410 GENEVA HIGHWAY, ENTERPRISE, AL 36330

ASSIGNEE: GREEN TREE FINANCIAL SERVICING CORPORATION, 6706-B PLANTATION RD, PENSACOLA, FL 32504

### FEDERAL TRUTH-IN-LENDING ACT DISCLOSURES

| ANNUAL PERCENTAGE RATE (The cost of my credit as a yearly rate.) | FINANCE CHARGE (The dollar amount the credit will cost me.) | Amount Financed (The amount of credit provided to me or on my behalf.) | Total of Payments (The amount I will have paid after I have made all payments as scheduled.) | Total Sale Price (The total cost of my purchase on credit, including my down payment of $5149.00) |
|---|---|---|---|---|
| 8.57 % | $ 82727.60 | $ 46336.00 | $ 129063.60 | $ 134212.60 |

My payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 361 | 358.51 | Monthly beginning January 1, 1999 |

SECURITY: I am giving a security interest in:
X The goods or property being purchased  N/A  Real property located at  N/A
FILING FEES: $ 30.00 . LATE CHARGE: If a payment is more than 15 days late, I will be charged $ 5.00 or 5.00 % of the payment, whichever is LESS
PREPAYMENT: If I pay off early, I will not be charged a prepayment penalty.
ASSUMPTION: Someone buying my home may, subject to conditions, be allowed to assume the remainder of the Contract on the original terms.
See the Contract document below for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### ITEMIZATION OF THE AMOUNT FINANCED

1. Cash Sale Price
   (including Taxes of) $ 1255.80    $ 51455.00
2. Gross Trade-in ........ $ .00
   Less Amount Owed on Trade-in $ .00
   Net Trade-in ............ $ .00
   Description: Make ____
   Year 8800    Size 80 X 08
3. Cash Down Payment ... $ 5149.00
4. Total Down Payment.................. - $ 5149.00
5. Unpaid Balance of Cash Sale Price (1 - 4) ... + $ 46306.00
6. Paid to Public Officials .................. + $ 30.00
7. *Paid to Insurance Companies .................. + $ .00
8. Paid to Appraiser.................. + $ .00
9. *a. Paid to GREENTREE FOR POINTS    + $ 3706.88
   b. Paid to _____ + $ .00
   c. Paid to _____ + $ .00
   d. Paid to _____ + $ .00
   e. Paid to _____ + $ .00
   f. Paid to _____ + $ .00
   g. Paid to _____ + $ .00
10. Principal Balance (5 + 6 + 7 + 8 + 9 a...g.) ... + $ 50042.85
11. Prepaid Finance Charges.................. - $ 3706.88
12. Amount Financed (10 - 11).................. $ 46336.00

*Seller and/or Assignee and/or their affiliates may receive commissions or other compensation from businesses to whom these charges are due.

### PHYSICAL DAMAGE INSURANCE

Physical Damage Insurance is required but I may obtain it from anyone I want that is acceptable to you. If I get the Insurance checked below from you or through you, I will pay you

$ .00 for Insurance protection for a term of 00 years
N/A Comprehensive ($ .00 deductible)
N/A Flood
N/A Liability
N/A Other _____
N/A Vendor's Single Interest

### OPTIONAL CREDIT LIFE AND DISABILITY INSURANCE

Credit Life and Disability Insurance are not required to obtain credit and will not be provided unless I sign and agree to pay the additional cost.

The term of this insurance is 00 years.

N/A Single Credit Life Insurance    $ .00
N/A Joint Credit Life Insurance    $ .00
N/A Single Credit Disability Insurance    $ .00
Total    $ .00

X _____
Signature of Buyer(s) Insured    Date

### CONTRACT AND SECURITY AGREEMENT

1. DEFINITIONS: "I", "me", "my" means the Buyer(s). "You", "your" means the Seller and also the Assignee or their affiliates (after the Contract is assigned by Seller). "Manufactured Home" means the manufactured home and any other property described on page 2. "Contract" or "Agreement" means this Retail Installment Contract and Security Agreement.

Bankers Systems Inc., St. Cloud, MN (1-800-397-2341) Form OT-MHRCLAZAL 6/1/98    ORIGINAL    OT-10-01-101 (4/95)    (page 1 of 3)

**EXHIBIT 1**

| NEW OR USED | YEAR | MAKE | Manufactured Home MODEL | SERIAL NUMBER | SIZE |
|---|---|---|---|---|---|
| N | 1998 | REDMAN HOMES | BRIGHTON MANOR | 14719998 | 28 X 66 |

VF74715998vo  1a743014499tor      Washer ____ Dryer 5432m4598061599      Wheels/Axles

Other (Describe): SKIRTING, STEPS, DISHWASHER  th74753400

2. **PURCHASE:** I have the option of buying the Manufactured Home for the cash price or buying on credit. The cash price is shown on page 1 as the "Cash Sale Price", and the credit price is shown on page 1 as the "Total Sale Price". I choose to buy on credit. Assignee and others may compensate Seller and/or its affiliates for arranging the financing, any insurance, any warranties and any other items or services sold with the Manufactured Home.

3. **SECURITY INTEREST:** I give you a security interest under the applicable certificate of title law or Uniform Commercial Code in the Manufactured Home and any property added or attached to it, to secure my obligation under this Contract. I also grant you a security interest in any interest I may have in premium refunds or proceeds under any insurance covering the Manufactured Home. I agree to execute any application for certificate of title or ownership, financing statement or other document necessary to perfect your security interest in the Manufactured Home. To the extent, if any, that any Contract (whether or not accompanied by any one or more originals) constitutes chattel paper (as such term is defined in the Uniform Commercial Code in effect in the applicable jurisdiction) no security interest in any Contract may be created in any document(s) other than the original.

4. **PAYMENTS AND LATE CHARGE:** I will pay you the amount shown as the "Total of Payments" according to the payment schedule shown on page 1. I also agree to pay a late charge for late payment as shown on page 1.

5. **PREPAYMENT:** I HAVE THE RIGHT TO PREPAY ALL OR PART OF THE UNPAID BALANCE OF THIS CONTRACT WITHOUT ANY PENALTY.

6. **SIMPLE INTEREST CONTRACT:** This is a simple interest contract. The interest rate is ____7.75__% per annum until paid in full. Interest will accrue upon the unpaid principal balance outstanding from time to time. The Finance Charge, Total of Payments and Payment Schedule were computed based on the assumption that payment will be made on the dates scheduled for payment. Early payments will reduce my final payment. Late payments will increase my final payment. My final payment will be equal to all unpaid sums due under this Contract. My promise requires me to pay the final payment on the date due even if the amount of the final payment differs from the amount of the final payment disclosed.

7. **NO WARRANTIES:** I agree that there are no warranties of any type covering the Manufactured Home. I am buying the Manufactured Home AS IS and WITH ALL FAULTS and THE ENTIRE RISK AS TO THE QUALITY AND PERFORMANCE OF THE MANUFACTURED HOME IS WITH ME. I agree that any implied warranty of merchantability and any implied warranty of fitness for a particular purpose are specifically excluded and do not cover the Manufactured Home. This No Warranties provision does not apply to the extent that any law prohibits it and it does not cover any separate written warranties.

8. **PROTECTION OF THE MANUFACTURED HOME:** I will: (a) keep the Manufactured Home in good condition and not commit waste; (b) pay all taxes, charges and lot rent due for the Manufactured Home; (c) not move, use illegally, sell, lease or otherwise transfer the Manufactured Home; (d) not attach the Manufactured Home to any real estate and the Manufactured Home will always be treated as personal property unless you consent in writing and state law permits such contrary treatment; and (e) not let anybody else have any interest in the Manufactured Home.

9. **INSURANCE:** I will keep the Manufactured Home insured against such risks and in such amounts as you may reasonably require with an insurance company satisfactory to you. I will arrange for you to be named as loss payee on the policy. I agree to provide you written evidence of insurance as requested by you from time to time. If you finance the purchase of any such insurance for me, I will repay you for the cost of that insurance, plus interest up to the contract rate of interest. I authorize you to furnish account data to a licensed insurance agent of your choice so such agent may solicit the purchase of credit, property, warranty or other insurance from me. I agree that the insurance company may make any payments due under the policy directly to you, and I direct the insurance company to do so. You may do whatever you think is necessary to be sure that any proceeds of the insurance will be used to repair the Manufactured Home or pay off this Contract. I give you a power of attorney (which I cannot cancel) so that you may do whatever you need to in order to collect the insurance proceeds. If I fail to obtain, maintain or pay for the required insurance, or if I fail to arrange for you to be named as loss payee, you may treat that as a default of my obligations under this Contract, and you may (but are not required to) purchase such insurance in an amount allowed by law. I will immediately repay you for any amounts you spend in purchasing the insurance, plus interest up to the contract rate of interest or, at your option, pay you over time as a workout of the obligation. If I owe you for any insurance or for late charges, attorney fees or collection costs, I understand that I owe an additional sum for these debts beyond my monthly principal and interest payment. My monthly payment will therefore be greater than that stated on page 1 until such additional debts are paid in full.

10. **DEFAULT:** I will be in default if: (i) I do not make a payment on time; or (ii) I do not keep any of my other promises under this Contract; or (iii) I file a case, or someone else files a case against me, under the United States Bankruptcy Code; or (iv) you feel in good faith that the Manufactured Home is in danger or that I will not be able to continue my payments. The default described under (iv) does not apply if this Contract is guaranteed by the Veteran's Administration. You will give me notice of the default except when I voluntarily surrender or abandon the Manufactured Home. I will have the right to cure the default during the notice period. If I do not cure the default, you may do either or both of the following: (a) Acceleration: You can require me to immediately pay you the entire remaining balance of this Contract; and/or (b) Repossession: You can repossess the Manufactured Home. Once you get possession of the Manufactured Home you may sell it. If the amount from the sale, after expenses, is less than what I owe you, I will pay you the difference. If there is any property left in the Manufactured Home when you repossess, you may dispose of it as provided by law. If I default, you can do whatever is necessary to correct my default. If you spend money to correct my default, I will pay you back immediately with interest at the contract rate of interest.

11. **NOTICE:** Except for any notice required under applicable law to be given in another manner, (a) any notice to me provided for in this Contract shall be given in writing by mailing such notice by certified mail, addressed to me at the Manufactured Home address or at such other address as I may designate by notice to you in writing, and (b) any notice to you shall be given in writing by certified mail, return receipt requested, to your address stated herein or to such other address as you may designate by notice to me in writing.

12. **ATTORNEY'S FEES:** If after I default you hire an attorney who is not a salaried employee to collect what I owe under this Contract or to get possession of the Manufactured Home or to enforce my agreements herein, I will pay you your reasonable attorney's fees, court costs and out-of-pocket expenses at the maximum allowed by law.

13. **MISCELLANEOUS PROVISIONS:** This written Contract is the only agreement that covers my purchase of the property. This Contract can only be modified or amended, or provisions in it waived (given up), by a written modification to this Contract signed by you. You can decide not to use or enforce any of your rights under this Contract without losing them. For example, you can extend the time for making some payments without extending others. If any part of this Contract cannot be enforced because of a law which prohibits it, all other parts can still be enforced. I agree to pay you all allowable charges for the return by a depository institution of a dishonored check or other negotiable instrument to the full extent provided by applicable law. I agree to cooperate with you regarding any requests after closing to correct errors made concerning this Contract or the transaction and to provide any and all additional documentation deemed necessary by you to complete this transaction.

14. **ARBITRATION:** ALL DISPUTES, CLAIMS OR CONTROVERSIES ARISING FROM OR RELATING TO THIS CONTRACT OR THE PARTIES THERETO SHALL BE RESOLVED BY BINDING ARBITRATION BY ONE ARBITRATOR SELECTED BY YOU WITH MY CONSENT. THIS AGREEMENT IS MADE PURSUANT TO A TRANSACTION IN INTERSTATE COMMERCE AND SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT AT 9 U.S.C. SECTION 1. JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT HAVING JURISDICTION. THE PARTIES AGREE AND UNDERSTAND THAT THEY CHOOSE ARBITRATION INSTEAD OF LITIGATION TO RESOLVE DISPUTES. THE PARTIES UNDERSTAND THAT THEY HAVE A RIGHT TO LITIGATE DISPUTES IN COURT, BUT THAT THEY PREFER TO RESOLVE THEIR DISPUTES THROUGH ARBITRATION, EXCEPT AS PROVIDED HEREIN. THE PARTIES

Bankers Systems, Inc., St. Cloud, MN (1-800-397-2341) Form GT-MHRCLAZAL 6/3/98    ORIGINAL    GT-10-CI-101 (4/95)    (initial)    (page 2 of 3)

VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN). THE PARTIES AGREE AND UNDERSTAND THAT ALL DISPUTES ARISING UNDER CASE LAW, STATUTORY LAW AND ALL OTHER LAWS INCLUDING, BUT NOT LIMITED TO, ALL CONTRACT, TORT AND PROPERTY DISPUTES WILL BE SUBJECT TO BINDING ARBITRATION IN ACCORD WITH THIS CONTRACT. THE PARTIES AGREE THAT THE ARBITRATOR SHALL HAVE ALL POWERS PROVIDED BY LAW, THE CONTRACT AND THE AGREEMENT OF THE PARTIES. THESE POWERS SHALL INCLUDE ALL LEGAL AND EQUITABLE REMEDIES INCLUDING, BUT NOT LIMITED TO, MONEY DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF. NOTWITHSTANDING ANYTHING HEREUNTO THE CONTRARY, YOU RETAIN AN OPTION TO USE JUDICIAL (FILING A LAWSUIT) OR NON-JUDICIAL RELIEF TO ENFORCE A SECURITY AGREEMENT RELATING TO THE MANUFACTURED HOME SECURED IN A TRANSACTION UNDERLYING THIS ARBITRATION AGREEMENT, TO ENFORCE THE MONETARY OBLIGATION SECURED BY THE MANUFACTURED HOME OR TO FORECLOSE ON THE MANUFACTURED HOME. THE INSTITUTION AND MAINTENANCE OF A LAWSUIT TO FORECLOSE UPON ANY COLLATERAL, TO OBTAIN A MONETARY JUDGMENT OR TO ENFORCE THE SECURITY AGREEMENT SHALL NOT CONSTITUTE A WAIVER OF THE RIGHT OF ANY PARTY TO COMPEL ARBITRATION REGARDING ANY OTHER DISPUTE OR REMEDY SUBJECT TO ARBITRATION IN THIS CONTRACT, INCLUDING THE FILING OF A COUNTERCLAIM IN A SUIT BROUGHT BY YOU PURSUANT TO THIS PROVISION.

15. WAIVER OF JURY TRIAL: I HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY THAT I HAVE IN ANY SUBSEQUENT LITIGATION BETWEEN ME AND THE SELLER, OR ME AND ANY ASSIGNEE OF THE SELLER, WHERE SUCH LITIGATION ARISES OUT OF, IS RELATED TO, OR IS IN CONNECTION WITH ANY PROVISION OF THIS CONTRACT WHETHER THE CONTRACT IS ASSERTED AS THE BASIS FOR A CLAIM, COUNTERCLAIM OR CROSSCLAIM, OR A DEFENSE TO A CLAIM, COUNTERCLAIM OR CROSSCLAIM.

> NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

MY SIGNATURE BELOW ACKNOWLEDGES I UNDERSTAND PARAGRAPHS 14 AND 15 ABOVE REQUIRE BINDING ARBITRATION AND WAIVE MY RIGHT TO A JURY TRIAL IF A DISPUTE ARISES UNDER THIS CONTRACT.

YOU HAVE THE OPTION TO PROVIDE SUCH PHYSICAL DAMAGE INSURANCE AS IS REQUIRED, IN CONNECTION WITH THIS PURCHASE, EITHER THROUGH AN EXISTING POLICY OR BY A POLICY INDEPENDENTLY OBTAINED BY YOU.

BUYER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS CONTRACT.
CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

Signature of Buyer: _RONALD C. SPAINHOWARD_  Date: 11/16/98
Signature of Buyer: _JO E. SPAINHOWARD_  Date: 11/16/98

## ASSIGNMENT BY SELLER

Seller hereby sells, assigns and transfers its entire right, title and interest in the Contract and the property described therein (the "Property") to Assignee. To induce Assignee to purchase the Contract, Seller warrants that: (a) the Contract and Guaranty, if any, are genuine, legally valid and enforceable and arose from the sale of the Property; (b) the Contract is subject to no defense, counterclaim or setoff; (c) copies of the Contract and all other documents signed by the Buyer(s) were given to the Buyer prior to consummation; (d) Seller has complied with all applicable federal, state and local laws, regulations, rules and ordinances; (e) the Buyer is not a minor and has legal capacity to execute this Contract; (f) the Property is free and clear of all liens and encumbrances, except the security interest granted herein and Seller has the right to assign its interest in the Contract; (g) the security interest granted to Seller constitutes a valid first lien on the Property and has been filed or recorded according to law indicating Assignee as first secured party; (h) the down payment shown on the face hereof has been received and no part thereof was advanced directly or indirectly by Seller to Buyer; (i) all statements of fact made in the Contract and all statements made by or on behalf of the Buyer in the credit applications and any other forms relating to the Contract are true to the best of Seller's knowledge and belief; (j) Buyer has physical damage insurance in the amount of the indebtedness; (k) there have been no material changes in the Buyers' income, indebtedness or employment and no other material changes between loan approval and funding. This is a condition to Assignee funding the Contract. If there is a breach of any of the foregoing warranties, as solely determined by Assignee, without regard to the Seller's knowledge with respect thereto or Assignee's reliance thereon, Seller agrees unconditionally to repurchase the Contract from Assignee, upon demand, for the full amount then unpaid plus costs and expenses incurred by Assignee (plus accrued and unpaid interest), whether the Contract shall then be, or not be, in default, and to indemnify, defend and hold Assignee harmless from any loss, damages or claims of any nature by reason of such breach of warranty, including attorneys' fees, court costs, disbursements and out-of-pocket expenses.

Seller further agrees that in the event Buyer asserts against Assignee any claim, defense or counterclaim against payment of any sum owing under the Contract or in defense of repossession on the assertion, either oral or written, that the Property is defective, not as represented to Buyer by Seller or that Seller refuses to honor any warranty or service agreement of Seller or the manufacturer, Seller will, upon Assignee's demand, repurchase the Contract from Assignee and pay Assignee the full amount remaining unpaid (plus accrued and unpaid interest), plus Assignee's costs and expenses including attorneys' fees, whether or not any such claim, defense or counterclaim shall be meritorious and without awaiting adjudication of Buyer's claim, defense or counterclaim; and Seller agrees to indemnify, defend and hold Assignee harmless from any such claims, including attorneys' fees, court costs, disbursements and out-of-pocket expenses.

The liability of Seller shall not be affected by any extension, renewal or other change in the manner, place or terms of payment thereof, or the release or non-perfection of any security thereunder. Assignee shall not be bound to exhaust its recourse against Buyer or any other person or any security before being entitled to payment by the Seller hereunder. Seller waives notice of acceptance of this Agreement and notices of nonpayment and nonperformance of the Contract and any other notices required by law and waives all setoffs and counterclaims.

In addition, this Assignment includes that certain provision to follow, provided that, if none of the following provisions has been checked by the Seller, then Assignment shall be considered to have been checked "With Recourse": A. "Without Recourse". The assignment of the Contract is and shall be without recourse against the Seller except as provided above and in any separate dealer agreement between Seller and Assignee relating to the purchase of Contracts. B. "Limited Recourse". In the event of default of Buyer before Buyer shall have paid the number of monthly payments under the Contract as set forth below under "Limited Recourse", the Seller will, upon demand, repurchase the Contract from Assignee for the full amount remaining unpaid under the Contract. C. "Repurchase". If the Assignee repossesses the Manufactured Home, the Seller will, upon demand, repurchase the Contract from the Assignee for the full amount remaining unpaid under the Contract. D. "With Recourse". The Seller unconditionally guarantees payment of the full amount remaining unpaid under the Contract; and agrees to purchase the Contract from the Assignee, upon demand, for the full amount remaining unpaid under the Contract. E. "Limited Repurchase". In the event of default of Buyer before Buyer shall have paid the number of monthly payments under the Contract shall be in default. If the Assignee repossesses the Manufactured Home, the Seller will, upon demand, repurchase the Contract from the Assignee for the full amount remaining unpaid under the Contract as set forth below under "Limited Repurchase", the Seller will, upon demand, repurchase the Contract from the Assignee for the full amount remaining unpaid under the Contract.

Seller, by signing below, executes this Contract and also assigns the same to the Assignee in accordance with the foregoing provisions. The Seller's Assignment will also include that certain provision set forth above which is checked below:

FURNITURE UNLIMITED, INC.    ENTERPRISE MANUFACTURED HOMES  Date: _____
By: X _____ (Seller)   Title: _____
( X ) A. Without Recourse  ( ) B. Limited Recourse Payments  ( ) C. Repurchase  ( ) D. With Recourse  ( ) E. Limited Repurchase Payments