IN THE UNITED STATES DISTRICT COURT   RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION                    2005 JUN -1  P 3: 46

JO SPAINHOWARD,                  *          DEBRA P. HACKETT. CLK
                                 *            U.S. DISTRICT COURT
                                 *           MIDDLE DISTRICT ALA
        Plaintiff,              *
                                 *
v.                               *     Case Number 1:05CV517
                                 *
                                 *
GREEN TREE FINANCE, LLC.,        *
et al.,                          *
                                 *
        Defendants.              *

## MEMORANDUM BRIEF IN SUPPORT OF GREEN TREE SERVICING LLC'S MOTION TO COMPEL ARBITRATION

Plaintiff, Jo Spainhoward, brings suit concerning the December 2004 repossession of her mobile home and the servicing of the Retail Installment Contract on the home. Specifically, the Plaintiff claims that the repossession was wrongful because she had cured her default at the time of repossession.

Green Tree denies the commission of any wrongful acts and has this date filed its Motion to Compel Arbitration and Stay Proceedings. By this motion, Green Tree seeks enforcement of an arbitration provision contained in the Manufactured Home Retail Installment Contract and Security Agreement ("Installment Contract") signed by the Plaintiff at the time of purchase of the mobile home.

### FACTUAL BACKGROUND

As alleged in the Complaint and as described in the Affidavit of Earl Baker, attached

as **Exhibit 1** to Green Tree's Motion, Plaintiff Jo Spainhoward and Ronald Spainhoward purchased a mobile home from Enterprise Manufactured Homes on or about November 16, 1998. In connection with the purchase and financing of the mobile home, Plaintiff Jo Spainhoward executed an Installment Contract. [**Ex. A** to Baker Aff.].

The Installment Contract contains the following provision requiring arbitration of all disputes and controversies arising from the Installment Contract or the parties thereto:

> "**14. ARBITRATION: ALL DISPUTES, CLAIMS OR CONTROVERSIES ARISING FROM OR RELATING TO THIS CONTRACT OR THE PARTIES THERETO SHALL BE RESOLVED BY BINDING ARBITRATION BY ONE ARBITRATOR SELECTED BY YOU WITH MY CONSENT. . . . THE PARTIES AGREE AND UNDERSTAND THAT ALL DISPUTES ARISING UNDER CASE LAW, STATUTORY LAW AND ALL OTHER LAWS INCLUDING, BUT NOT LIMITED TO, ALL CONTRACT, TORT AND PROPERTY DISPUTES WILL BE SUBJECT TO BINDING ARBITRATION IN ACCORD WITH THIS CONTRACT. . . ."**

[**Ex. A** to Baker Aff.].

## THIS COURT SHOULD ENFORCE THE ARBITRATION PROVISION CONTAINED IN THE INSTALLMENT CONTRACT SIGNED BY PLAINTIFF JO SPAINHOWARD

In her Complaint, the Plaintiff alleges that Green Tree committed trespass, conversion, and fraud in connection with the repossession of her mobile home. These claims most clearly constitute "disputes, claims, or controversies arising from or relating to this contract or the parties thereto . . ." and must therefore be resolved by binding arbitration in accordance with the broad arbitration provision contained in the Installment Contract that serves as the basis for the Plaintiff's claims against Green Tree.

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (hereinafter "FAA"), provides that a

"written provision in . . . a contract evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or . . . an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2. The United States Supreme Court has ruled in a case arising in Alabama that an agreement which contains a provision requiring arbitration of the disputes between parties and which evidences a transaction involving or affecting interstate commerce is specifically enforceable under the FAA. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995). The United States Supreme Court affirmed these principles in *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79 (2000), and *Citizen's Bank v. Alafabco,* 123 S.Ct. 2037 (2003).

The threshold question under *Terminix* and *Alafabco*, as applicable to the present case, is whether the Installment Contract evidences transactions involving or affecting interstate commerce. As demonstrated by the Affidavit of Earl Baker, attached as **Exhibit 1** to Green Tree's Motion, at the time pertinent to the facts in issue in this case, Green Tree was a Delaware corporation maintaining its principal place of business in Minnesota. Checks issued by Green Tree Financial Servicing Corp. in connection with the financial transaction were drawn on a bank account in East Grand Forks, Minnesota. Payments made by the Plaintiff under the terms of the Installment Contract were to be, and have been, mailed to addresses outside the State of Alabama. These circumstances, as well as the various other

interstate commerce activities described in the Baker Affidavit, clearly establish a sufficient nexus with interstate commerce to invoke the provisions of the FAA. *See, e.g., Conseco Finance Corp. v. Murphy,* 841 So. 2d 1241 (Ala. 2002)*; Conseco Finance Corp.-Alabama v. Boone,* 838 So. 2d 370 (Ala. 2002); *Green Tree Financial Corp. v. Channell,* 825 So. 2d 90 (Ala. 2002); *Green Tree Financial Corp. v. Lewis,* 813 So. 2d 820 (Ala. 2001); *Ex parte Stamey,* 776 So. 2d 85 (Ala. 2000) (finding that there was sufficient evidence of "affecting interstate commerce" where customers dealt with out-of-state office and signed agreement acknowledging that the transaction involved interstate commerce).

Since the interstate nature of the transactions is met in the present case, the next question for resolution is whether the claims against Green Tree come within the scope of the arbitration provision. In enacting Section 2 of the FAA, Congress declared a national policy favoring arbitration. *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987) (the FAA establishes a federal policy favoring arbitration that requires rigorous enforcement of agreements to arbitrate); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."); *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79 (2000) (acknowledging the "liberal federal policy favoring arbitration agreements.").

The arbitration provision in the Installment Contract is sweeping in its breadth since it

4

requires arbitration of all "disputes, claims, or controversies arising from or relating to this contract or parties thereto. . . ." The Plaintiff and Green Tree certainly are parties to the Installment Contract, and the Plaintiff's claims certainly arise out of the Installment Contract that evidence the Plaintiff's payment obligations and Green Tree's loan servicing obligations. Under these circumstances, all claims advanced in the Complaint by the Plaintiff are subject to arbitration. *See Blinco v. Green Tree Servicing LLC*, 2005 U.S. App. LEXIS 3270 (11th Cir. Feb. 24, 2005)(concluding that claims arising out of the servicing of note were encompassed within the arbitration provision); *Green Tree Financial Corp. v. Shoemaker*, 775 So. 2d 149, 151 (Ala. 2000)("There can be nothing more 'relating to' a financial transaction than the efforts a party takes to collect a debt created by that transaction."); *Delta Construction Corp. v. Gooden*, 714 So. 2d 975 (Ala. 1998)(stating that a party suing upon a contract containing an arbitration clause must submit those claims to arbitration).

This Court will not embark upon uncharted waters by granting Green Tree's Motion. The Green Tree/Conseco arbitration provision at issue in this case has been construed, enforced and upheld by the Alabama Supreme Court in at least sixteen prior decisions. *See Conseco Finance Corp.-Alabama v. Salter*, 846 So. 2d 1077 (Ala. 2002); *Conseco Finance Corp. v. Murphy*, 841 So. 2d 1241 (Ala. 2002); *Lewis v. Conseco Finance Corp.*, 848 So. 2d 920 (Ala. 2000); *Conseco Finance Corp.-Alabama v. Boone*, 838 So. 2d 370 (Ala. 2002); *Green Tree Financial Corp. v. Channell*, 825 So. 2d 90 (Ala. 2002); *Green Tree Financial Corp. v. Lewis*, 813 So. 2d 820 (Ala. 2001); *Green Tree Financial Corp. v. Shoemaker*, 775

So. 2d 149 (Ala. 2000); *Ex parte Stamey*, 776 So. 2d 85 (Ala. 2000); *Green Tree Financial Corp. of Ala. v. Vintson,* 753 So. 2d 497 (Ala. 1999); *Green Tree Financial Corp. of Ala. v. Wampler,* 749 So. 2d 409 (Ala. 1999); *Ex parte Smith*, 736 So. 2d 604 (Ala. 1999); *Patrick Home Center, Inc. v. Karr,* 730 So. 2d 1171 (Ala. 1999); *Ex parte Parker*, 730 So. 2d 168 (Ala. 1999); *Green Tree Financial Corp. v. Davis*, 729 So. 2d 329 (Ala. 1999); *Ex parte Napier*, 723 So. 2d 49 (Ala. 1998); *Green Tree Agency, Inc. v. White*, 719 So. 2d 1179 (Ala. 1998); *Ex parte Gates*, 675 So. 2d 371 (Ala. 1996). In these cases, numerous challenges were raised to the validity of the Green Tree/Conseco arbitration provision, but in each instance, the Alabama Supreme Court rejected these challenges.

Moreover, even the Eleventh Circuit Court of Appeals has recently enforced the Green Tree arbitration provision in the face of various challenges to its enforceability. *See Blinco v. Green Tree Servicing LLC*, 2005 U.S. App. LEXIS 3270 (11th Cir. Feb. 24, 2005). In *Blinco*, the Eleventh Circuit in a case involving Green Tree Servicing LLC concluded that the Green Tree arbitration provision was sufficiently broad to include disputes arising out of the servicing of the note evidencing the indebtedness and categorically rejected the plaintiffs' argument that the clause was unenforceable because it failed to specify the identity of the arbitrator, the forum, location or allocation of arbitration costs.

Once the Court has determined that the Plaintiff is bound by a valid arbitration provision that should be enforced, the remedy to be fashioned by this Court is an order compelling arbitration. *See, e.g., Mitchell Nissan, Inc. v. Foster,* 775 So. 2d 138 (Ala. 2000)

("[t]rial courts are required to stay or dismiss proceedings and to compel arbitration when the parties have entered into a valid contract containing an arbitration agreement."); *Green Tree Financial Corp. of Ala. v. Vintson*, 753 So. 2d 497 (Ala. 1999); *Ex parte McNaughton*, 728 So. 2d 592 (Ala. 1998) ("trial courts are required to stay or dismiss proceedings and compel arbitration when the parties have entered into a valid contract containing an arbitration agreement."). Coupled with the order compelling arbitration, this Court should stay all proceedings, including discovery, in this case pending the conclusion of the arbitration. 9 U.S.C. § 3; *Coastal Ford, Inc. v. Kidder*, 694 So. 2d 1285, 1288 (Ala. 1997) (trial court erred in failing to stay proceedings pending arbitration, where claims were subject to arbitration provision).

## CONCLUSION

Plaintiff's claims against Green Tree involve disputes arising out of the servicing of the Installment Contract, which contains an arbitration provision. Since the Installment Contract and the disputes affect interstate commerce, the FAA is triggered. Furthermore, Plaintiff's claims are clearly encompassed in Green Tree's broad arbitration provision. Accordingly, this Court should enter an order compelling the Plaintiff to pursue her claims against Green Tree in arbitration and staying further action in this case.

Respectfully submitted this the 1st day of June, 2005.

R. AUSTIN HUFFAKER, JR. (ASB-3422-F55R)
Attorney for Defendant

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON &
  & GARRETT, P.A.
Post Office  Box 270
Montgomery, AL 36101
(334) 206-3100 Telephone
E-mail: RAH2@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon:

William J. Moore, Esq.
P.O. Box 310985
Enterprise, AL 36331

by placing a true copy of same in the United States mail, postage prepaid, this the 1st day of June, 2005.

_____
Of Counsel