IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JO SPAINHOWARD, | * |
| | * |
|    Plaintiff, | * |
| | * |
| v. | *   Case No.: 1:05-cv-517-F |
| | * |
| GREEN TREE FINANCE, LLC., | * |
| et al., | * |
| | * |
|    Defendants. | * |

### GREEN TREE SERVICING LLC'S
### RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR FILING PLAINTIFF'S BRIEF TO COMPLETE DISCOVERY

**COMES NOW** Green Tree Servicing LLC ("Green Tree"), and hereby responds to the Plaintiff's Motion for Extension of Time as follows:

1.    The Plaintiff, by and through counsel, moves for an extension of time for filing Plaintiff's brief in opposition to Green Tree's Motion to Compel Arbitration. Green Tree has no objection to the Plaintiff's request for a time extension to file her brief.

2.    Green Tree, however, objects to the Plaintiff's request to the extent she seeks discovery from Green Tree. In particular, the Plaintiff states that she "requires certain facts from the Defendant, available through the use of interrogatories in order to substantiate her claim and supplement her argument within her brief." This statement suggests that the Plaintiff is requesting discovery on the merits of the Plaintiff's claims, not on anything concerning Green Tree's Motion to Compel Arbitration or the enforceability of the arbitration provision upon which Green Tree's motion is based. It is well recognized that a party cannot

1

obtain discovery on the merits while a motion to compel arbitration is pending. *See* 9 U.S.C. § 3; *Suarez-Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648 (11th Cir. 1988); *Ex parte Horton Family Housing, Inc.*, 882 So. 2d 838 (Ala. 2003). Otherwise, the moving party risks waiver of the right to compel arbitration by participating in the litigation process. *See Stone v. E.F. Hutton & Co.*, 898 F.2d 1542 (11th Cir. 1990)(noting that the use of pre-trial discovery procedures by the party seeking arbitration can result in waiver of the right to arbitrate). Accordingly, Green Tree requests that the Plaintiff not be permitted to obtain any discovery that goes to the merits of the claims between the parties while Green Tree's Motion to Compel Arbitration is pending.

3. Green Tree also objects to the extent the Plaintiff is submitting discovery on the arbitration issue without obtaining leave of court to do so. At a minimum, in order to obtain discovery while a Motion to Compel Arbitration is pending, the Plaintiff must obtain leave of court to do so. Since a motion to compel arbitration is analogous to a motion for summary judgment, the appropriate mechanism to obtain discovery is through a formal request to the Court, supported with an affidavit from the Plaintiff outlining the areas in which discovery is needed and why it is has bearing on the issues before the Court. As set forth by the Alabama Supreme Court, "[a]t a minimum, a party opposing a properly supported motion to compel arbitration and seeking discovery on issues that could invalidate the arbitration agreement must provide an affidavit describing the circumstances that are within its knowledge and that are relevant to its claimed defenses to arbitration." *Ex parte Greenstreet, Inc.*, 806 So. 2d 1203, 1209 (Ala. 2001). *See also Ex parte Horton Family Housing, Inc.*, 882 So. 2d 838

(Ala. 2003). Though no federal court, to Green Tree's knowledge, has addressed the hurdles necessary for a non-moving party to obtain the right to conduct discovery on the issue of the enforceability of an arbitration provision, the Alabama Supreme Court's authority on the subject is nevertheless persuasive and should be followed. Accordingly, Green Tree requests that the Plaintiff first seek and obtain leave from the Court prior to conducting any discovery on the issue of arbitration.

4. Attached hereto as **Exhibit A** is a copy of the Plaintiff's Interrogatories, which were requested by Green Tree after receiving the Plaintiff's Motion for Time Extension. For the reasons set forth above, Green Tree objects to the Plaintiff's discovery until the Plaintiff has obtained leave from the Court to conduct discovery. Green Tree further objects to the overall scope of the requested information because the interrogatories (1) call for the disclosure of confidential and privileged information (such as who drafted the arbitration provision and the fees and costs associated with litigation involving Green Tree), (2) are not limited to a reasonable time (the interrogatories request information going back to 1990), (3) are not limited to a particular type of legal action (the interrogatories not only request information regarding lawsuits against Green Tree in all fifty states but also all lawsuits in which Green Tree was the plaintiff), (4) are not limited to the particular Green Tree entity named as a defendant in this lawsuit (i.e., it includes lawsuits against entities not even parties to this action such as Green Tree-AL LLC, Green Tree Investment Holdings LLC, Conseco Finance Corp., etc.), (5) are not limited to a similar type of transaction as that involving the Plaintiff and Green Tree (such as transactions involving the execution of retail installment

contracts), and (6) are overly broad and unduly burdensome.

     5.     Green Tree further states that if the Plaintiff's concern is the costs and expenses of the arbitrator, Green Tree hereby stipulates that it will pay the costs and expenses of the arbitrator agreed upon by the parties.

     Respectfully submitted this the 20 th day of June, 2005.

                             /s/ Austin Huffaker
                             R. AUSTIN HUFFAKER, JR. (ASB-3422-F55R)
                             Attorney for Defendant

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON &
   & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101
(334) 206-3100 Telephone
E-mail: RAH2@rsjg.com

## **CERTIFICATE OF SERVICE**

    I certify that on the 20th day of June, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    William J. Moore, Esq.

                      /s/ R. Austin Huffaker, Jr.