IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JO SPAINHOWARD, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 1:05-cv-517-MEF |
| | ) |
| GREEN TREE FINANCE, LLC, | ) |
| | ) |
| DEFENDANT. | ) |

## **ORDER**

This cause is before the Court on the "Motion for Extension of Time for Filing of Plaintiff's Brief to Complete Discovery" (Doc. # 6). For the reasons set forth below, the motion is due to be GRANTED in part and DENIED in part.

This action was commenced in the Circuit Court for Coffee County, Alabama. The defendant removed the action to this Court invoking its federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Immediately after filing the Notice of Removal with this Court, the defendant filed the Motion of Green Tree Servicing LLC to Compel Arbitration and Stay Proceedings[1] (Doc. # 3) along with exhibits and a memorandum brief in support of the motion. On June 6, 2005, this Court entered an Order (Doc. # 5) setting forth a briefing schedule for the defendant's motion. This Order provided that the plaintiff's response was due on June 17, 2005 and defendant's reply was due on June 24, 2005.

---

[1] The defendant named in the Complaint is Green Tree Finance, LLC, but the defendant contends its proper name is Green Tree Servicing LLC.

On June 16, 2005, plaintiff filed the motion seeking an extension of time for her response to the motion to compel arbitration and stay. In this motion, plaintiff represented that she required discovery to "substantiate her claim and supplement her argument within her brief." (Doc. # 6). Plaintiff further stated that she had served interrogatories on the defendant and was awaiting the responses.

The defendant does not object to this Court allowing plaintiff additional time to file her brief in opposition to the motion to compel arbitration and stay, but the defendant does object to the discovery plaintiff wishes to undertake prior to filing that opposition.

The Court reminds the parties that subject to certain exceptions inapplicable to this action, discovery cannot be commenced prior to the meeting of the parties pursuant to Federal Rule of Civil Procedure 26(f) absent an agreement or leave of court. *See* Fed. R. Civ. P. 26(d). Thus, it would seem from the record now before this Court that the plaintiff improperly served discovery on defendant without leave of Court. The Court is willing to construe the "Motion for Extension of Time for Filing of Plaintiff's Brief to Complete Discovery" (Doc. # 6) as containing a motion for leave to conduct certain early discovery in this case, but the Court agrees with defendant that the scope of that discovery is appropriately limited to issues relating to the enforceability of the arbitration provision on which the defendant's motion is based. Plaintiff may not engage in discovery on the merits at this juncture, nor may she engage in discovery on topics irrelevant to the issues raised by defendant's motion to compel arbitration and stay this case.

Accordingly, it is hereby ORDERED as follows:

(1)   Motion for Extension of Time for Filing of Plaintiff's Brief to Complete Discovery (Doc. # 6) is GRANTED in part and DENIED in part.

(2) The plaintiff is DIRECTED to file her response to the defendant's Motion to Compel Arbitration and Motion to Stay (Doc. # 3) by no later than **August 19, 2005**.

(3) The defendant may file a reply brief on or before **August 26, 2005**.

(4) In light of the defendant's stipulation that it will pay the costs and expenses of the arbitrator agreed upon by the parties, the parties are directed to confer prior to **July 1, 2005** to discuss whether plaintiff wishes to oppose defendant's motion to compel arbitration and motion to stay.  **On or before July 7, 2005, counsel for the plaintiff is DIRECTED to file with the Court a statement indicating whether she intends to continue to oppose the defendant's motion to compel arbitration and to stay.**

(5) If plaintiff intends to oppose arbitration, she is granted leave to conduct limited discovery on issues directly relevant to the Motion of Green Tree Servicing LLC to Compel Arbitration and Stay Proceedings (Doc. # 3).  No other discovery is permissible at this time.

DONE this the 23rd day of June, 2005.

          /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE