## ARBITRATION SUBMISSION AGREEMENT

This Arbitration Submission Agreement ("Agreement") is made this __ day of September, 2005, by and between **Jo Spainhoward,** and **GreenTree-AL, L.L.C.** (the "Parties")

### Recitals

A.  A dispute has arisen between the parties concerning matters more particularly set forth in the pleadings filed in that certain civil action styled as follows: Jo Spainhoward v. Green Tree Finance, LLC, et al; Case Number 05-517-F, United States District Court, Middle District of Alabama (the "Litigation");

B.  The parties have agreed to resolve the Litigation by submitting to binding arbitration in accordance with this Agreement.

### Agreement

1. **Arbitrator.** The arbitrator shall be **William C. Carn, III, Esq.**, P. O. Box 1665 (238 West Main Street, 36301) Dothan, AL 36302.

2. **Location:** The arbitration will be conducted at the Houston County Court House, Dothan, Alabama, or at any other location acceptable to the Arbitrator and the Parties.

3. **Fees/Expenses:** The Arbitrator's fee shall be $150/hour for all time expended and reasonably necessary in connection with the preparation for, and conduct of, the arbitration. The Arbitrator shall also be reimbursed for all reasonable and necessary expenses, including but not limited to expenses for photocopying, facsimile transmissions, mileage, research time, and any other expense both reasonable and necessary to the effectiveness of the arbitration. The Arbitrator's fees and expenses shall be borne by the Parties equally. Each Party shall, however, be responsible for the expense of its counsel, experts, witnesses and proof.

4. **Date/Time:** The arbitrator will set the date and time for the arbitration hearing, after consulting with counsel for the parties, and will provide not less than twenty (20) days notice to counsel for each Party.

5. **The Arbitration Hearing:** The following rules and procedures will govern the arbitration:

    (a) The arbitrator may conduct the arbitration in a manner he determines appropriate for a fair and expeditious disposition of the proceeding. The arbitrator will be the judge of the admissibility, relevance, materiality and weight of all evidence offered. Conformity to State or Federal rules of evidence and civil procedure shall not be necessary, except that rules applicable to work product privilege, attorney client privilege and settlement offers shall be enforced by the arbitrator.

EXHIBIT A

(b) The arbitrator will establish the time to be allocated for the hearing, giving due consideration to the nature of the case, the proof expected, and the reasonable requests of the parties' or their attorneys. Each party will be afforded a reasonable opportunity to make an opening statement, present evidence, cross-examine witnesses appearing at the hearing, and make a closing statement. The Parties may, but will not be required, to submit briefs or memoranda in support of their respective positions.

(c) Either party may, at its expense, have the hearing transcribed, provided a copy of any transcript prepared shall be provided to the arbitrator.

(d) The arbitrator may hear and decide the controversy upon the evidence presented although a party duly notified of the date and time of the hearing fails to appear.

(e) All testimony shall be presented under oath or affirmation.

(f) Each party shall have the right to be represented by counsel.

(g) Unless the parties agree otherwise, the arbitrator shall have the discretion to allow discovery upon such terms and conditions as he shall deem appropriate, taking into consideration the needs of the parties, the needs of witnesses, and the need to conduct the hearing in a fair, efficient and cost-effective manner. The arbitrator may establish deadlines for exchanging evidence and exhibits, pre-marking exhibits, disclosing witnesses, and other pre-hearing matters in an appropriate case. Such measures will not be employed in every case, however, in an effort to maintain the efficiency and cost-effectiveness of the arbitration process.

(h) Each party shall be entitled to subpoena witnesses for attendance at the hearing and/or for the production of records. All provisions of applicable state or federal rules of civil procedure relating to fees and expenses of witnesses shall be equally applicable in this arbitration.

(i) Use of depositions of witnesses who cannot be subpoenaed or are unable to attend the hearing will be permitted to the extent permitted by the state or federal rules of civil procedure applicable to the Litigation.

6. **The Award:** The arbitrator will issue a reasoned award, in writing signed by the arbitrator, within thirty (30) days of the conclusion of the arbitration hearing. The arbitrator may, but is not required to, make specific findings of fact or law. The award will be based upon the evidence presented and the law argued by the parties. The award may include any legal remedy or equitable remedy authorized under applicable state or federal law in a civil action involving a claim of the same type being arbitrated. The arbitrator is empowered to award punitive damages or attorney's fees if such an award is authorized by law in a civil action involving a claim of the same type being arbitrated. If punitive damages are awarded, the arbitrator will separately state those damages and set forth the factual and legal basis for that portion of the award.

      7. **Finality of Award:** The Parties agree that the award rendered by the arbitrator is binding and final, and shall be subject to entry of judgment by the court having jurisdiction of the Litigation.

      8. **Cancellation:** No charges are incurred for postponement of the arbitration. In the event the arbitration is cancelled within two weeks of any scheduled hearing date, the arbitrator's fees and expenses for time actually incurred shall be payable, together with 50% of the time reserved for the arbitration hearing.

      9. **Modification:** No modification of this Agreement may be made except by a writing signed by each of the Parties and by the arbitrator.

_____

Party                                                                   Party

Counsel For:                                         Counsel For:

_____